BRYAN CAVE LEIGHTON PAISNER LLP
Daniel T. Rockey, Bar No.  178604
daniel.rockey@bclplaw.com
Merrit M. Jones, Bar No. 209033
merrit.jones@bclplaw.com
Anna V. Donald, Bar No. 352006
anna.donald@bclplaw.com
Three Embarcadero Center, 7th Floor
San Francisco, California  94111-4070
Telephone:    +1 415 675 3400
Facsimile:    +1 415 675 3434

Attorneys for Defendants
WORLD MARKET, LLC, COST PLUS WORLD
MARKET, LLC

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

|  |  |
|---|---|
| VALERIE HARVEY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WORLD MARKET, LLC, COST PLUS WORLD MARKET, LLC, and DOES 1-100,<br><br>Defendants. | Case No.: 3:25-cv-01242<br><br>**DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>*Filed concurrently with Declaration of Helen Skinner, Civil Case Cover Sheet, Certificate of Interested Parties* |

Defendants World Market, LLC and Cost Plus World Market, LLC (collectively, "World Market" or "Defendants") through their counsel, hereby provide notice of removal of this action, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1453, from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California, and respectfully state:

## I.    BACKGROUND

1.     On October 3, 2024, plaintiff Valerie Harvey filed a putative class action complaint in the Superior Court of the State of California for the County of Alameda, captioned *Harvey v. World*

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

*Market, LLC, et al.*, Case No. 24CV094533 (the "Complaint"). On November 8, 2024, Plaintiff filed a First Amended Complaint ("FAC"). The FAC asserted causes of action for violation of (1) California's Consumers Legal Remedies Act ("CLRA") "), Cal. Civ. Code §§ 1750, *et seq.*; (2) California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq.;* and (3) California's False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq.* FAC ¶¶ 39-66. The FAC asserted these causes of action on behalf of Plaintiff as well as a class of similarly situated California consumers. *Id.* ¶ 28.

2.    On January 7, 2024, pursuant to a Stipulation and Order, Plaintiff filed a Second Amended Complaint ("SAC"). The SAC still asserts causes of action for violation of the CLRA, UCL and FAL. SAC ¶¶ 40-66. As is evident from the Stipulation and the SAC itself, the SAC amends the definition of the putative class to assert, for the first time, these causes of action on behalf of a nationwide class of consumers. Ex. 17 (Stip. 1:10-11); Ex. 24 (SAC ¶ 29). Defendants were served by email with the SAC on January 7, 2024. Ex. 24.

3.    In the SAC, Plaintiff alleges that World Market charges "junk fees" to online consumers, by not including in the initially advertised price on its website at www.worldmarket.com the amount that will be charged for "shipping and handling" fees and, in some instances, "oversized item" fees. SAC ¶ 3. Plaintiff alleges that this is false and misleading in violation of the CLRA, UCL and FAL -- despite the fact that these charges are disclosed before the consumer proceeds to checkout. *Id.* ¶¶ 22-23.

4.    Specifically as to her purchase, Plaintiff alleges that on or around September 9, 2024, she purchased a set of two Jarle Molded Resin Outdoor Armchairs advertised on World Market's website at www.worldmarket.com as $429.99. *Id.* ¶¶ 6, 19-21. Plaintiff alleges that when she added the set of chairs to her cart to purchase, an "Oversized Item Surcharge" of $50.00 as well as a "Shipping and Handling" charge of $49.95 were added to the total cost of the chairs. *Id.* ¶ 22. Plaintiff acknowledges that these charges were disclosed prior to her decision to proceed to checkout and purchase the items. *Id.* ¶¶ 22, 23.

5.    Plaintiff alleges that she and the class lost money in paying the "shipping and handling" and "oversize item" fees, and that if they had been informed of these charges as part of

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

the initially advertised price, they would not have purchased the products or would have purchased them from a different website that displayed these charges as part of the initially advertised price of the products. *Id.* ¶¶ 43, 55, 63. Plaintiff seeks compensatory "damages and/or restitution or disgorgement" to Plaintiff and to the class, injunctive and declaratory relief, and attorneys' fees and costs. *Id.* Prayer D-I.

## II.    REMOVAL IS TIMELY

6.    This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within thirty (30) days of service of the SAC, which became removable for the first time on January 7, 2025 by amending the California only class to a nationwide class. Exs. 17, 23, 24.

## III.    THE COURT HAS CAFA JURISDICTION OVER THE ACTION.

7.    This action is within the original jurisdiction of this Court, and removal is proper under the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. §§ 1332(d), 1453. CAFA extends federal jurisdiction over class actions where: (1) any member of a class of plaintiffs is a citizen of a state different from any defendant, (2) the putative class consists of more than 100 members, and (3) the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d). This includes any class action filed under Federal Rule of Civil Procedure 23 or "similar State statute or rule of judicial procedure," such as California Code of Civil Procedure § 382. 28 U.S.C. § 1332(d)(1)(B). As set forth below, this action satisfies each of the requirements of Section 1332(d) for original jurisdiction under CAFA.

8.    Because CAFA was enacted to facilitate federal courts' adjudication of certain class actions, "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020); *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1187, 1184 (9th Cir. 2015) (reversing remand order "[i]n light of Supreme Court's clear statement in *Dart Cherokee* that Congress intended for no antiremoval presumption to attend CAFA cases").

A.    **Minimal Diversity Is Satisfied**

9.    Although diversity removal ordinarily requires complete diversity between plaintiffs and defendants, removal of a class action under CAFA only requires "minimal diversity"

— *i.e.*, at least one member of a class of plaintiffs must be diverse from one defendant. *See* 28 U.S.C. § 1332(d)(2)(A). This requirement is readily satisfied here.

        a.   Plaintiff alleges that defendant World Market, LLC is a California company, that defendant Cost Plus World Market, LLC is a Delaware company, and that both are headquartered and doing business in California. SAC ¶¶ 12-13. A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. §§ 1332(c)(1); *see also New Alaska Dev. Corp. v. Guetschow,* 869 F.2d 1298, 1300-01 (9th Cir. 1989). Therefore, defendant World Market, LLC is a citizen of California, and defendant Cost Plus World Market, LLC is a citizen of California and Delaware.

        b.   Plaintiff alleges that she is a California citizen. SAC ¶ 11.

        c.   Plaintiff alleges that the putative class she seeks to represent is a nationwide class of all consumers who purchased any item from World Market's website and "(1) paid a fixed shipping fee and/or (2) were charged mandatory 'Oversized Item Surcharge' or 'Handling' fees that were not advertised in the original price." *Id.* ¶ 29. The putative nationwide class therefore satisfies minimal diversity.

10.    Accordingly, minimal diversity of citizenship exists under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A).

**B.**    **Putative Class Members Exceed 100**

11.    CAFA requires that "the number of members of all proposed plaintiff classes in the aggregate" be at least 100. 28 U.S.C. § 1332(d)(5)(B). Plaintiff alleges that "the total number of Class Members is at least in the hundreds." SAC ¶ 32.

12.    Thus, the putative class that Plaintiff purports to represent consists of at least 100 individuals.

**C.**    **The Amount in Controversy Exceeds $5,000,000**

13.    Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

of interest and costs." 28 U.S.C. § 1332(d)(2), (d)(6).  The U.S. Supreme Court has held that, as specified in 28 U.S.C. § 1446(a), a defendant's notice of removal need include only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"; the notice need not contain evidentiary submissions.  *Dart Cherokee*, 574 U.S. at 89.

    a.  Here, Plaintiff, on behalf of herself and the putative class, seeks compensatory "damages and/or restitution or disgorgement" to Plaintiff and to the class based on the amount of "handling" and "oversized item" fees paid during the applicable statutory period, plus injunctive and declaratory relief, and attorneys' fees and costs.  SAC ¶¶ 48, 56, 63-66; Prayer C-I. The amount of restitution and/or disgorgement damages sought exceeds $5,000,000.

        i.  The limitations period for a UCL claim is four years, Bus. & Prof. Code § 17208, and the limitations period for a CLRA claim is three years, Cal. Civ. Cal. Civ. Code § 1783.

        ii.  World Market's business records demonstrate that between 2020 through 2024, there were 2,734,117 transactions  where consumers paid "shipping and handling" and/or "oversized item" fees.  *See* Declaration of Helen Skinner in Support of Defendants' Notice of Removal ("Skinner Decl."), ¶ 3. Between 79 percent to 81 percent of these consumers resided outside of California. *Id.* ¶ 3(a)-(d).

        iii.  The total amount of "shipping and handling" and/or "oversized item" fees paid between 2020 through 2024 was more than $70,428,089. *Id.* ¶ 4. These fees exceed $5,000,000. *See Arias v. Residence Inn by Marriott,* 936 F.3d 920, 922 (9th Cir. 2019) ("The defendant's showing on the amount in controversy may rely on reasonable assumptions.")

        iv.  Therefore, accepting as true for purposes of this Notice of Removal only that Plaintiff and the class are entitled to restitution and/or disgorgement of  "shipping and handling" and "oversized item" charges, and that the applicable statutory period is four years preceding the filing of the

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

- 5 -

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

Complaint, the amount in controversy is more than the $5,000,000 threshold set by CAFA.

    v.  Plaintiff also alleges that had she and the putative class been informed of the "shipping and handling" and "oversized item" charges as part of the initially advertised price, they "would not have purchased the product or would have purchased the product from a different website." *Id.* ¶¶ 43, 55, 63. Accepting as true, for purposes of this Notice of Removal only that Plaintiff and the class are entitled to restitution and/or disgorgement of the total amounts paid by the class for all items on which a "shipping and handling" or "oversized item" fee was charged during the four-year limitations period, that would further elevate the amount in controversy above the threshold CAFA jurisdictional requirement.

b.  Plaintiff also seeks injunctive relief. SAC ¶¶ 48, 56, 65; Prayer E. The amount in controversy in class actions requesting an injunction may be determined by the cost of compliance by the defendant. *Int'l Padi, Inc. v. Diverlink,* No. 03-56478, 2005 WL 1635347, at *1 (9th Cir. July 13, 2005) ("in determining the amount in controversy, we may also include the value of the requested injunctive relief to either party"); *see also Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) ("The amount in controversy may include 'damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.'") (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)). Accepting as true, for purposes of this Notice of Removal only that the Plaintiff and the class are entitled to injunctive relief, including a change in business practices, that would further elevate the amount in controversy above the threshold CAFA jurisdictional requirement.

c.  Plaintiff seeks attorneys' fees and costs. SAC ¶¶ 48, 56, 66; Prayer G, I. "When a statute or contract provides for the recovery of attorneys' fees," such as here

- 6 -

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

1  under the CLRA, "prospective attorneys' fees must be included in the

2  assessment of the amount in controversy." *Arias,* 936 F.3d at 922, *citing Fritsch*

3  *v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018). "The

4  reasonableness of attorney's fees, when such fees are ascertainable on the face

5  of the complaint, can be calculated by looking to other attorney's fees awards in

6  similar cases." *Garcia v. ACE Cash Express, Inc.*, 2014 WL 2468344, at *5

7  (C.D. Cal. May 30, 2014), *citing Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980

8  (9th Cir. 2005). Here, if Plaintiff and/or the class succeed on the CLRA claim,

9  recovery of attorneys' fees may be statutorily authorized. Cal. Civ. Code §

10  1780(e). Courts in this Circuit have awarded substantial attorneys' fees in class

11  action settlements based on claims under the CLRA. *See, e.g., In re Sony PS3*

12  *"Other OS" Litig.,* No. 10-CV-01811-YGR, 2018 WL 2763337, at *2 (N.D.

13  Cal. June 8, 2018) (awarding $1,250,000 in attorneys' fees in CLRA class action

14  settlement). Accepting as true, for purposes of this Notice of Removal only, that

15  Plaintiff and the class are entitled to attorneys' fees and costs, that would further

16  elevate the amount in controversy above the threshold CAFA jurisdictional

17  requirement.

18  14.    Without conceding any merit to Plaintiff's causes of action or damages allegations,

19  the amount in controversy here, as alleged in the SAC, exceeds CAFA's jurisdictional threshold.

20  **IV.    COMPLIANCE WITH REMOVAL STATUTE AND LOCAL RULES**

21  15.    This Notice of Removal was properly filed in the United States District Court for

22  the Northern District of California, because the Superior Court of the State of California for the

23  County of Alameda is located in this judicial district.  28 U.S.C. § 1441(a).

24  16.    This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil

25  Procedure.  U.S.C. 1446(a).

26  17.    Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served

27  upon World Market in this action is attached hereto.  Specifically, the following pleadings are

28  related documents and are attached hereto as the following exhibits:

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

| EXHIBIT NO. | DATE FILED | DESCRIPTION |
|---|---|---|
| 1 | 10/03/2024 | Class Action Complaint |
| 2 | 10/03/2024 | Civil Case Cover Sheet |
| 3 | 10/03/2024 | Summons |
| 4 | 10/03/2024 | Notice of Case Management Conference |
| 5 | 11/08/2024 | Tentative Ruling on 12/03/2024 Complex Designation hearing |
| 6 | 11/08/2024 | First Amended Class Action Complaint |
| 7 | 11/15/2024 | Proof of Service re First Amended Complaint, Notice of Case Management Conference on World Market, LLC |
| 8 | 11/15/2024 | Proof of Service re First Amended Complaint, Notice of Case Management Conference on Cost Plus World Market, LLC |
| 9 | 11/25/2024 | Notice of Payment of Jury Fees |
| 10 | 11/25/2024 | Proof of Service re Notice of Payment of Jury Fees |
| 11 | 12/03/2024 | Initial Case Management Conference Order |
| 12 | 12/06/2024 | Proof of Service re Initial Case Management Conference Order |
| 13 | 12/06/2024 | Notice of Case Assignment |
| 14 | 12/06/2024 | Minute Order re Complex Determination |
| 15 | 12/06/2024 | Order re Complex Determination Hearing |
| 16 | 12/06/2024 | Proof of Service re Case Assignment, Order re Complex Determination Hearing |
| 17 | 12/12/2024 | Joint Stipulation that Plaintiff Be Granted Leave to File Second Amended Complaint |
| 18 | 12/12/2024 | Proof of Service re Joint Stipulation and Proposed Order that Plaintiff be Granted Leave to File Second Amended Complaint |
| 19 | 12/17/2024 | Notice of Case Reassignment |
| 20 | 1/07/2025 | Order Granting Plaintiff Leave to File Second Amended Complaint |
| 21 | 1/07/2025 | Notice of Entry of Order Granting Plaintiff Leave to File Second Amended Complaint |
| 22 | 1/07/2025 | Proof of Service re Notice of Entry of Order Granting Plaintiff Leave to File Second Amended Complaint |
| 23 | 1/07/2025 | Second Amended Complaint |
| 24 | 1/07/2025 | Proof of Service re Second Amended Complaint |
| 25 | 2/05/2025 | Notice to State Court and Adverse Parties of Removal of Action, Proof of Service |

18.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy, along with a Notice of Filing of the Notice of Removal, is being filed with the Clerk of the Superior Court of the State of California for the County of Alameda.  A true and correct copy is attached hereto as **Exhibit 25.**

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

1

## V.    CONCLUSION

2    For the reasons stated above, World Market respectfully requests that this Court exercise

3    jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal

4    and to prevent further proceedings in this matter in the Superior Court of the State of California for

5    the County of Alameda.   World Market further requests such other relief as the Court deems

6    appropriate.

7    Dated:  February 5, 2025                    Respectfully submitted,

8                                               BRYAN CAVE LEIGHTON PAISNER LLP

9

10                                             _____
                                               Daniel Rockey
11                                             Merrit Jones
                                               Anna Donald
12                                             Attorneys for Defendants WORLD MARKET,
                                               LLC, COST PLUS WORLD MARKET, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070